IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JONATHAN LEE MCCONVILLE,

    **Plaintiff,**

    v.                                             CASE NO. 19-3130-SAC

P. WILLCOTT,

    **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The Court granted Plaintiff leave to proceed *in forma pauperis*. Plaintiff alleges in his Complaint that an incident occurred between him and Defendant Willcott in which Willcott "purposefully closed the food slot door on [Plaintiff's] arm and shoulder area causing [him] unnecessary pain and suffering" in violation of the Eighth Amendment's prohibition of cruel and unusual punishment. (Doc. 6, at 2.) Plaintiff names P. Willcott as the sole defendant and seeks $10,000 for pain and suffering and $10,000 in punitive damages.

On September 24, 2019, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 10) ("MOSC"), granting Plaintiff until October 18, 2019, in which to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC or to file a proper amended complaint to cure the deficiencies. The Court granted Plaintiff's motions for extensions of time (Docs. 13, 15) and extended the response to time to January 2, 2020. Plaintiff has failed to respond to the MOSC by the Court's deadline.

The Court found in the MOSC that Plaintiff fails to state a claim of excessive force under the Eighth Amendment's Cruel and Unusual Punishments Clause. *See Estate of Booker v. Gomez*, 745 F.3d 405, 419 (10th Cir. 2014) (stating that "claims of excessive force involving convicted prisoners arise under the Eighth Amendment"). The Eighth Amendment's prohibition against "cruel and unusual punishments" applies to the treatment of inmates by prison officials. *See Whitley v. Albers*, 475 U.S. 312, 319–21 (1986). Prison officials violate inmates' Eighth Amendment rights when they subject them to the "unnecessary and wanton infliction of pain." *Id*. at 319. "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992) (citation omitted). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id*. at 9–10.

Plaintiff alleges that Defendant closed the food slot door on his arm and shoulder. Not every isolated battery or injury to an inmate amounts to a federal constitutional violation. *See id*. at 9 (stating that not "every malevolent touch by a prison guard gives rise to a federal cause of action.") (citing *Johnson v. Glick*, 481 F.2d 1028, 1033 (2nd Cir. 1973) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights")).

Plaintiff has failed to respond to the Court's MOSC and has failed to show good cause why his Complaint should not be dismissed for failure to state a claim of excessive force.

**IT IS THEREFORE ORDERED THAT** this matter is dismissed for failure to state a claim.

**IT IS SO ORDERED**.

**Dated January 8, 2020, in Topeka, Kansas.**

<u>**s/ Sam A. Crow**</u>
**Sam A. Crow**
**U.S. Senior District Judge**